IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARL STEVENS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Crim. No. 03-022-SLR |
| ) | Civ. No. 04-1247-SLR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Thomas A. Dreyer, Esquire, Chadds Ford, Pennsylvania. Counsel for Petitioner.

Colm F. Connolly, United States Attorney and Adam Safwat, Assistant United States Attorney, United States Attorney's Office, Wilmington, Delaware. Counsel for Respondent.

**MEMORANDUM OPINION**

Dated: November 28, 2005

Wilmington, Delaware

*[signature]*
ROBINSON, Chief Judge

## I. INTRODUCTION

Petitioner Carl Stevens is a federal inmate currently in custody at a federal correctional institution. Before the court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] (D.I. 88) Respondent United States of America has filed its opposition. (D.I. 91) The court has jurisdiction pursuant to 28 U.S.C. § 2255. For the reasons that follow, petitioner's application for relief is denied.

## II. BACKGROUND

On April 1, 2003, a federal grand jury returned a two count indictment charging petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) and 2113(d), and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 371 and 2113. (D.I. 1) Petitioner entered a plea of guilty to both counts of the indictment on June 10, 2003.[2] (D.I. 27) The court sentenced petitioner on September 16, 2003 to

---

[1] Prisoners in federal custody may attack the validity of their sentences via 28 U.S.C. § 2255. Section 2255 is a vehicle to cure jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979). See also United States v. Addonizio, 442 U.S. 178 (1979); United States v. Essig, 10 F.3d 968 (3d Cir. 1993).

[2] The plea agreement does not state that a firearm was brandished or possessed during the robbery or that petitioner was on probation or parole at the time of the offense. (D.I. 27)

concurrent terms of imprisonment of 57 months on each count to be followed by concurrent terms of supervised release of 3 years on each count. (D.I. 54) Petitioner did not appeal his sentence to the United States Court of Appeals for the Third Circuit.

On August 12, 2004, petitioner moved for the appointment of counsel. (D.I. 84) On the same date, the motion was granted and counsel was appointed to represent petitioner "pursuant to the Criminal Justice Act in light of the recent decision of the United States Supreme Court in Blakely v. Washington." (D.I. 85) On September 9, 2004, petitioner moved to vacate under 28 U.S.C. § 2255 and filed his supporting memorandum. (D.I. 88) On November 29, 2004, respondent filed opposition papers. (D.I. 91)

III. DISCUSSION

A. Evidentiary Hearing

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court has reviewed petitioner's motion and respondent's answer, as well as the record, and concludes that an evidentiary hearing is not required. United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005)(denying a petitioner's request for an evidentiary hearing is an abuse of discretion when files and records of case conclusively establish movant is entitled to relief). Instead, the court will evaluate the issues on the record presented. Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)(evidentiary hearing not required where

petition and record demonstrate that petitioner was not entitled to relief; decision to hold hearing is in sound discretion of court).

**B. Sentencing**

Petitioner moves for habeas relief, arguing that his sentence runs contrary to the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).[3] (D.I. 88) Specifically, he avers that Blakely mandates that any fact that increases the penalty for a crime must be submitted to a jury and proved beyond a reasonable doubt. Because the court made certain factual findings[4], which were not proven to a jury beyond a reasonable doubt and were not stipulated to by the parties, petitioner contends that his sentence violates his Sixth Amendment rights. Along similar lines, petitioner asserts that his rights under the Fifth Amendment indictment clause were

---

[3]There, the Supreme Court held that facts supporting the defendant's state sentence that were neither admitted by the defendant nor found by a jury violated his Sixth Amendment right to a trial by jury. To that end, the Court embraced its earlier decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "other than the fact of a prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."

[4]Petitioner received a five-level enhancement for possession of or brandishing of a firearm during the commission of a bank robbery. The court also increased by one point his Criminal History to Category II because he was on probation at the time of the offense. (D.I. 54)

3

violated when he was sentenced on the uncharged fact that he was on probation at the time of the instant offense.

Respondent contends that petitioner's petition should be denied because Blakely is not applicable to defendants whose convictions were final before Blakely was decided. (D.I. 91) Moreover, petitioner's claims are procedurally defaulted, argues respondent, because he neither raised the issues before this court nor on direct appeal.

Shortly after petitioner moved for habeas relief, the Supreme Court conclusively resolved the affect of the Blakely decision on the Federal Sentencing Guidelines. United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005). The Court held that "the Sixth Amendment as construed in Blakely does apply to the [Federal] Sentencing Guidelines." 125 S.Ct. at 746. Booker was decided by two opinions of the Court approved by different majorities. Id. The first opinion, authored by Justice Stevens, reaffirmed the Court's holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. In the second opinion, authored by Justice Breyer, the Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 which made the Guidelines

4

mandatary, was incompatible with the Court's constitutional ruling and, therefore, the Court severed §§ 3553(b)(1) and 3742(e). The "net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines for the information and use of the district courts in whom discretion has now been reinstated." United States v. Ordaz, 398 F.3d 236, 239 (3d Cir. 2005); In re Olopade, 403 F.3d 159 (3d Cir. 2005).

On April 11, 2005, the Third Circuit opined that the rule of Booker, which extended the rule of Apprendi to the Federal Sentencing Guidelines, was not retroactively applicable to cases on collateral review. In re Olopade, 403 F.3d at 159. In so doing, the Third Circuit noted that the Supreme Court has held that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). This is accomplished by the Supreme Court explicitly holding so or "where two or more of its decisions when read together . . . absolutely dictate, that a particular rule is retroactively applicable to cases on collateral review." In re Olopade, 403 F.3d at 162.

The Supreme Court has not expressly held that Booker is applicable to cases on collateral review. Id. at 163-164. In fact, Booker itself was decided on direct appeal and did not expressly declare that its holding should be applied retroactively to cases on collateral review. Moreover, "there is

5

no combination of Supreme Court cases that 'dictates' that Booker has retroactive force on collateral review." Id.; accord Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005); United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). In light of this precedent, the Supreme Court's Booker decision has no application to petitioner's sentence.

### C.  Fifth Amendment

For the first time in this case, petitioner argues a Fifth Amendment violation occurred when the court increased his sentence based on facts not charged in the indictment. Specifically, the indictment does not state that petitioner was on probation at the time of the underlying offense. He contends that it was error for the court to increase his sentence on this basis because the Fifth Amendment indictment clause requires that a grand jury find probable cause as to each fact relevant to punishment and the right to have facts charged in the indictment.

After reviewing the sentencing transcript as well as the parties' sentencing submissions, it is evident that petitioner did not raise this issue to the court. Since he did not file a direct appeal to the Third Circuit, the issue was likewise not

presented. It is settled that a petitioner who fails to raise an issue in the district court or on direct appeal is procedurally barred from seeking § 2255 relief unless he establishes "cause" for the default and "prejudice" resulting therefrom. Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993).

Despite having notice from respondent's brief of the absence of a "cause" or "prejudice" explanation, petitioner did not file any papers illuminating the issues. Considering the facts supporting his argument were available to petitioner from the early stages of the case and that the Fifth Amendment right asserted was not so novel that it was not reasonably available, the court finds he has failed to demonstrate "cause" or "prejudice" to defeat the procedural bar.

## IV. CONCLUSION

For the reasons stated, petitioner's application for relief is denied. An appropriate order shall issue.